NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KATHLEEN G. DENNIS-ORSHAK, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> NANCY BERRYHILL, : <br> ACTING COMMISSIONER OF : <br> SOCIAL SECURITY, : <br> : <br> Defendant. : | Case No. 3:18-cv-15987-BRM <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Kathleen Dennis-Orshak's ("Plaintiff" or "Dennis-Orshak") appeal from the final decision of Nancy Berryhill, the Acting Commissioner of Social Security ("Commissioner"),[1] denying her application for Social Security Disability Benefits. Having reviewed the administrative record and the submissions filed in connection with the appeal pursuant to Local Civil Rule 9.1, and having declined to hold oral argument pursuant to Federal Civil Rule 78(b), for the reasons set forth below and for good cause shown, the Commissioner's decision is **AFFIRMED.**

---

[1] Upon the Appeals Council's Order denying Dennis-Orshak's request for a review of the Administrative Law Judge's ("ALJ") decision, the ALJ's decision became the final decision of the Commissioner. (Tr. 1.)

## I. BACKGROUND

On March 11, 2014, Dennis-Orshak filed for SSDI benefits alleging disability since February 20, 2014 (the "Onset Date"). (Tr. 10.) Dennis-Orshak alleged disability due to: fractured neck, severe back injury, hip fused to spine, stage III endometriosis, and stenosis of the neck. (Tr. 71.) On June 30, 2014, the Social Security Administration ("SSA") issued a Notice of Disapproved Claim to Dennis-Orshak, informing her claim for SSDI benefits had been denied. (Tr. 71-81.) On May 15, 2015, Dennis-Orshak's Request for Reconsideration of the SSA's denial of her claim for SSDI benefits was denied. (Tr. 82-96.) On May 21, 2015, Dennis-Orshak timely requested a hearing for SSDI benefits before an Administrative Law Judge (Tr. 113-116), which was ultimately held on September 25, 2017 before Administrative Law Judge Anne Sharrad (the "ALJ"). (Tr. 182.)

On January 4, 2018, the ALJ issued a decision (the "ALJ Decision") determining Dennis-Orshak was not disabled, as defined by the Social Security Act, at any time from the Onset Date through January 4, 2018 (the "Decision Date"). (Tr. 7-20.) Specifically, the ALJ found Dennis-Orshak had several severe impairments—cervical and lumbar degenerative disc disease and status post L5-S1 posterior decompression and fusion in 2008, status post C4-5 and C5-6 anterior cervical discectomy and fusion in 2009, and posterior decompression and fusion at L4-L5 with removal of hardware at L5-S1 and bone grafting in June 2014—but that her severe impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 12-13.) The ALJ further concluded Dennis-Orshak had the residual function capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), while rejecting her subjective complaints of symptoms secondary to her impairments as "not entirely consistent with the medical evidence and other evidence in the

record." (Tr. 14-15.)

Ultimately, the ALJ concluded that, considering Dennis-Orshak's age, experience, and RFC, there were "jobs that exist in significant numbers in the national economy that [Navarro] can perform." (Tr. 18.)

On January 12, 2018, Dennis-Orshak filed a Request for Review of the ALJ Decision to the Appeals Council. (Tr. 4.) On September 19, 2018, the Appeals Council denied Dennis-Orshak's Request for Review, thereby becoming the final agency decision. (Tr. 1-5.) Therefore, having exhausted her administrative remedies, Dennis-Orshak appealed to this Court on November 9, 2018. (ECF No. 1.)

## II.  STANDARD OF REVIEW

On a review of a final decision of the Commissioner of the Social Security Administration, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions regarding questions of fact are deemed conclusive by a reviewing court if supported by "substantial evidence in the record." 42 U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh

the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (citation omitted). Accordingly, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

## III.   THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

Under the Social Security Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. §§ 1382(a), 423(d)(1)(A).  A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  A person is unable to engage in substantial gainful activity when his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Social Security Act establish a five-step process for determining whether a claimant is disabled. 20 C.F.R. §§ 416.920(a)(1), 404.1520(a).  First, the ALJ determines whether the claimant has shown that he or she is not currently engaged in "substantial gainful activity." *Id.* §§ 404.1520(b), 416.920(b); *see Bowen v. Yuckert*, 482 U.S. 137, 146-47 n.5 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits. *See* 20 C.F.R. § 404.1520(b); *see also Bowen*, 482 U.S. at 140. Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Bowen*, 482 U.S. at

4

146-47 n.5. Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). These activities include physical functions such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." *Id.* A claimant who does not have a severe impairment is not considered disabled. *Id.* at § 404.1520(c); *see Plummer v. Apfel*, 186 F.3d 422, 427-28 (3d Cir. 1999).

Third, if the impairment is found to be severe, the ALJ then determines whether the impairment meets or is equal to the impairments listed in 20 C.F.R. § Pt. 404, Subpt. P., App. 1 (the "Impairment List"). 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that his or her impairments are equal in severity to, or meet those on the Impairment List, the claimant has satisfied his or her burden of proof and is automatically entitled to benefits. *See id.* at §§ 404.1520(d), 416.920(d); *see also Bowen*, 482 U.S. at 146-47 n.5. If the specific impairment is not listed, the ALJ will consider in his or her decision the impairment that most closely satisfies those listed for purposes of deciding whether the impairment is medically equivalent. *See* 20 C.F.R. § 404.1526(a). If there is more than one impairment, the ALJ then must consider whether the combination of impairments is equal to any listed impairment. 20 C.F.R. § 404.1526(b)(3). An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams*, 970 F.2d at 1186.

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove at step four whether he or she retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f); *Bowen*, 482 U.S. at 141. Step four involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental

5

> demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Hoyman v. Colvin*, 606 F. App'x 678, 679-80 (3d Cir. 2015) (quoting *Plummer*, 186 F.3d at 429). Unsupported diagnoses are not entitled to great weight. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Moreover, an administrative law judge must provide the reason for providing more or less weight to the evidence. *See Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, an administrative law judge proceeds to the fifth and final step of the process. *Id.* The final step requires the administrative law judge to "show [that] there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428. In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.* (citation omitted). Notably, an administrative law judge typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step

three involves a conclusive presumption based on the listings." *Id.* at 263 n.2 (citing *Bowen*, 482 U.S. at 146-47 n.5). The commissioner bears the burden of proof for the fifth step. *See id.* at 263.

## IV.   DECISION

Dennis-Orshak contends the ALJ erred in failing to accord adequate weight to the opinion of treating physicians, the ALJ erred in evaluating Dennis-Orshak's symptoms, the ALJ failed to consider the side effects of Dennis-Orshak's medications, the ALJ failed to properly evaluate Dennis-Orshak's non-exertional impairments, and the ALJ failed to properly evaluate Dennis-Orshak's RFC. (ECF No. 9 at 2.) Accordingly, Dennis-Orshak requests a reversal of the ALJ Decision and a remand to the ALJ to remediate the alleged errors. (*Id.* at 24.) The Commissioner counters that Dennis-Orshak did not meet the Act's definition of disability during the relevant period, the ALJ properly evaluated the medical opinions in accordance with the regulations, the ALJ evaluated Dennis-Orshak's subjective complaints in accordance with the regulations, and substantial evidence supports the ALJ's RFC determination for a range of light work. (ECF No. 10 at 2.) This Court addresses each of Dennis-Orshak's arguments in turn.

### A.   The ALJ's Evaluation of Dennis-Orshak's Treating Physicians

Dennis-Orshak contends the ALJ failed to "accord weight to the opinion of [Dennis-Orshak]'s treating physicians." (ECF No. 9 at 12.) Specifically, Dennis-Orshak argues the ALJ failed to properly explain why she disregarded the opinions of Dr. Cohen, Dr. Lepis, and Dr. Sharma. (*Id.* at 14.)

In making a disability determination, the ALJ must consider all evidence before him. See e.g. *Plummer v. Apfel*, 186 F.3d 422, 433(3d Cir. 1999); *Doak v. Heckler*, 790 F.2d 26, 29 (3d Cir. 1986). Although the ALJ may weigh the credibility of the evidence, he must give some indication

of the evidence which he rejects and his reasons for discounting such evidence. *Burnett*, 220 F.3d at 121; *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

In *Burnett*, the Third Circuit held the ALJ had not properly decided an evidentiary issue because he "fail[ed] to consider and explain his reasons for discounting all of the pertinent evidence before him in making his residual functional capacity determination." *Burnett*, 220 F.3d at 121. "In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705. Consequently, an ALJ's failure to note if evidence that contradicts his findings was considered, or to explain why such information was not credited, are grounds for a remand. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 435 (3d Cir. 1999). However, this rule does not require an ALJ to explicitly discuss every piece of relevant evidence in his decision. *Fargnoli*, 247 F.3d at 42. For example, an ALJ may be entitled to overlook evidence that is neither pertinent, relevant, nor particularly probative. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 204 (3d Cir. 2008*); Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004).

In her decision, the ALJ afforded no weight to the assessment of Dr. Lepis because his opinion predates the Onset Date and is therefore not relevant to Dennis-Orshak's current claim. (ECF No. 10 at 18-19.) Dennis-Orshak does not offer any argument as to why the ALJ should have considered Dr. Lepis's report despite it being written before the Onset Date. Ultimately, the ALJ did not err in not giving weight to Dr. Lepis's 2013 report. *See Begen v. Comm'r of Soc. Sec.*, Case No. 10-4477, 2011 U.S. Dist. LEXIS 138667, at *40 (D.N.J. Dec. 2, 2011) (disregarding medical records that occurred before the alleged onset date of disability).

Additionally, the ALJ found Dr. Sharma's reports did not support a finding of disability under the SSA. (Tr. 15.) In so doing, the ALJ cited Dennis-Orshak's appointment reports with Dr.

8

Sharma, wherein Dr. Sharma noted Dennis-Orshak "demonstrated a normal gait, slight straightening of the spine with some limitations in a range of motion, normal strength, and normal sensation." (Tr. 15.) Further, Dr. Sharma noted Plaintiff was "doing well with her current medications and would continue the same regimen." (*Id.*) Still, Dennis-Orshak contends the ALJ did not properly analyze Dr. Sharma's opinion as Dr. Sharma documented Dennis-Orshak's "limitations and her pain and positive tests." (ECF No. 9 at 14.) There is no basis for this assertion. In noting Dennis-Orshak's pain, Dr. Sharma found Plaintiff exhibited "no side effects" to her medication and that the "current medication regimen ha[d] improved or maintained the [Dennis-Orshak]'s functional status and [the regimen] is enabling her to perform her activities of daily living." (Tr. 413-414.) Here, the ALJ did not discredit Dr. Sharma's reports. Rather, she cited the reports in making her finding decision against Dennis-Orshak. Therefore, there is no basis for remand on this point.

Finally, the ALJ afforded "no weight" to the June 9, 2015 opinion from Dr. Cohen, and "little weight" to the two RFC assessments dated December 17, 2014 and September 17, 2015. (Tr. 17.) Specifically, the ALJ noted the June 9, 2015 opinion was given no weight because it is an opinion regarding causation, which is "not particularly relevant" where a disability inquiry is not based on causation. (*Id.*) Furthermore, the ALJ afforded "little weight" to the two RFC assessments because Dr. Cohen's opinions were "not well supported by his own summary." (*Id.*) Finally, the ALJ afforded "no weight" to Dr. Cohen's opinion that Dennis-Orshak could never return to full time work because that is "a determination reserved to the Commissioner." (*Id.*)

Nevertheless, Dennis-Orshak contends "the ALJ did not explain satisfactorily why Dr. Cohen's opinion was disregarded." (ECF No. 9 at 14.) In her decision, cites three of Dr. Cohen's opinions. First, in his June 2015 letter to Plaintiff's counsel, Dr. Cohen opined the injury Dennis-

9

Orshak sustained in a 2012 motor vehicle accident had accelerated and precipitated her disc space collapse. (Tr. 411.) The ALJ explained she discounted this opinion because the issue of causation was not particularly relevant to the present inquiry. (Tr. 17.) This is consistent with the regulations, which define a medical opinion as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Therefore, the ALJ did not err in giving no weight to Dr. Cohen's causation opinion because it is neither a medical opinion nor is it relevant to the present issue. *See Adley v. Berryhill*, 2019 U.S. Dist. LEXIS 44839, at *22 (M.D. Pa. Feb. 28, 2019) (finding the ALJ did not err in giving little weight to a doctor's report that did not qualify as a medical opinion); *see also Johnson*, 529 F.3d at 204.

Next, the ALJ reviewed Dr. Cohen's 2014 and 2015 RFC opinions, wherein Dr. Cohen first opined:

> [Dennis-Orshak] could sit intermittently for a maximum of 3 hours per day for 30 minutes at a time, but she could not sit, stand, or walk for longer than 30 minutes each at a time. He limited her to occasional climbing of latters [sic], stooping, reaching overhead, lifting and carrying up to 10 or 20 pounds, he noted that she could never climb ladders, balance, kneel, crawl, or lift up to 50 pounds. He opined that she could frequently reach at desk level and finger bilaterally but could never return to full time work.

(Tr. 17 (citing Exhibit 10F/2-5).)

First, the ALJ properly gave no weight to Dr. Cohen's opinion that Dennis-Orshak "could never return to full time work" because that is a determination reserved to the Commissioner. (Tr. 17.) *See Dixon v. Comm'r of Soc. Sec.*, 183 F. App'x 248, 251 (3d Cir. 2006) (finding opinions about ultimate determination of disability are given no weight).

10

Next, the ALJ stated she gave "little weight" to Dr. Cohen's above findings because his opinions were not well supported by his own summary. (Tr. 17.) In his June 9, 2015 letter, Dr. Cohen provided a summary of his findings where he cited Dennis-Orshak's back tenderness and limitations with range of motions, but overall steady improvement in symptoms has she engaged in treatments.[2] (Tr. 407-11.) When the record presents inconsistencies with a physician's ultimate opinion or where the physician's notes undermine his own opinion, an ALJ may appropriately discount the physician's opinion. *See Burke v. Comm'r of Soc. Sec.*, 317 F. App'x 240, 243-44 (3d Cir. 2009). Although the ALJ must not "reject evidence for no reason or for the wrong reason, [he] may choose whom to credit when considering conflicting evidence." *Kerdman v. Comm'r of Soc. Sec.*, 607 F. App'x 141, 144 (3d Cir. 2015). Here, the ALJ properly gave little weight to Dr. Cohen's RFC conclusions because those conclusions were inconsistent with his summary opinion. (Tr. 17.)

In sum, the Court finds the ALJ sufficiently explained his reasons for giving "no weight" to the opinions of Drs. Lepis and Sharma, and for giving "little weight" to the opinions of Dr. Cohen, and her decision to do so is supported by substantial evidence. See 20 C.F.R. § 404.1527(f)(2)(ii); *Rutherford v. Barnhart*, 399 F.3d 546, 557 (3d Cir. 2005). The ALJ's decision detailed Dennis-Orshak's medical history and the opinions of all Plaintiff's treating physicians and the state agency physicians. In doing so, the ALJ clearly considered and evaluated the opinions of Plaintiff's treating physicians even though they purported to make the ultimate disability determination, which is reserved to the Commissioner. The ALJ properly evaluated the opinions

---

[2] For example, Dr. Cohen writes, "she was doing extremely well with no constitutional symptoms . . . some pain in the right side of her back as well as her right hip and some pain in her right knee." (Tr. 409.) Additionally, he writes, "overall, she was doing quite well increasing her activities." (*Id.*)

of Plaintiff's treating physicians and had substantial evidence to "afford these assessments no weight" and instead rely on the opinions of the State agency physicians that Plaintiff was capable of performing light work. *Williams*, 970 F.2d at 1185.

### B. The ALJ's Evaluation of Dennis-Orshak's Symptoms

Dennis-Orshak contends the ALJ failed to evaluate her subjective symptoms in accordance with SSR 16-3p. (ECF No. 9 at 15.)

While it is true that an ALJ must give significant weight to a claimant's subjective testimony of the inability to perform even light or sedentary work, that is the case only when that testimony is supported by competent medical evidence. An ALJ may discount a claimant's subjective complaints if they are inconsistent with the evidence of record. 20 CFR § 404.1529(a); *Schaudeck*, 181 F.3d at 433. Therefore, an ALJ will consider a claimant's statements about the intensity, persistence, and limiting effects of symptoms, but will evaluate those statements "in relation to the objective medical evidence and other evidence," in reaching a conclusion as to whether a claimant is disabled. 20 CFR § 404.1529(c)(4).

Here, the ALJ determined Dennis-Orshak's subjective complaints of symptoms were only entitled to partial weight, a conclusion supported by substantial evidence of record. (Tr. 15-16.) In evaluating Plaintiff's subjective testimony, the ALJ considered, among other things, the objective medical evidence, Dennis-Orshak's recovery and treatment history, and the impact Dennis-Orshak's alleged disability had on her daily life. (*Id.*) Dennis-Orshak testified she experienced pain when climbing stairs, received help with household chores, could sit and stand for 30 minutes, had some difficulty sleeping due to pain and medication, and found physical therapy and found physical therapy and chiropractic treatment not particularly helpful. (Tr. 15, 35-57.) However, despite these subjective symptoms, the ALJ noted Dr. Di Lorenzo's examination revealed Dennis-

Orshak displayed a perfectly normal gait, normal ranges of motion, and no paravertebral tenderness. (Tr. 16, 340-43.) Furthermore, the ALJ noted that while the treatment records and medical evidence supported some limited range of motion and a slight decline in gait, Dennis-Orshak's alleged inability to work due to pain was simply not supported by the medical evidence. (Tr. 16.)

Ultimately, the ALJ determined Dennis-Orshak's impairments could reasonably be expected to cause the alleged symptoms, but noted her statements concerning the intensity, persistence, and limiting effects of these symptoms were only partially credible.[3] This assessment is consistent with the record evidence. *See Rolick v. Berryhill*, Case No. 17-4481, 2019 U.S. Dist. LEXIS 24184, at *19-20 (D.N.J. Feb. 14, 2019).

### C. The ALJ's Evaluation of the Side Effects of Dennis-Orshak's Medication

Dennis-Orshak also contends the ALJ failed to consider the side effects of Plaintiff's medications. (ECF No. 9 at 18.)

Here, the ALJ considered Dennis-Orshak's testimony that pain and the side effects of her medication affected her sleep. (Tr. 15.) However, this testimony is not supported by the medical evidence on record.[4] Nevertheless, Dennis-Orshak contends the ALJ "did not follow the regulations in analyzing the effects of the medication and its effect on [Plaintiff]'s RFC or ability to perform work." (ECF No. 9 at 19.) However, Dennis-Orshak has failed to provide any evidence

---

[3] The ALJ noted considering Dr. Cohen's treatment records stating Plaintiff was doing well, Dr. Di Lorenzo's consultative findings, Plaintiff's successful decompression and fusion surgery in 2014, and pain management records reflecting overall normal motor, sensory, and gait findings. (Tr. 14-15.)

[4] Dr. Cohen's treatment records demonstrate that Plaintiff's activities increased with use of medication, the medication was effective, and Plaintiff denied any side effects. (Tr. 404, 413-14.)

of such conditions outside of her own conclusory testimony, which is insufficient to undermine the ALJ's decision and warrant a reversal and remand. *See Grandillo v. Barnhart*, 105 F. App'x 415, 419 (3d Cir. 2004) (holding that where a claimant has "not cited to any medical evidence demonstrating that she suffered adverse side effects from her medication . . . her own conclusory statements [do] not establish a sufficient ongoing struggle with any side-effects to undermine the ALJ's determination"). Therefore, the ALJ's evaluation of Dennis-Orshak's subjective complaints about her side effects is supported by substantial evidence.

### D.     The ALJ's Evaluation of Dennis-Orshak's RFC

Finally, Dennis-Orshak contends the ALJ failed to evaluate her non-exertional limitations as well as her limited ability to reach, handle, or finger in making the RFC determination. (ECF No. 9 at 19-23.)

It is the ALJ's exclusive duty to make an RFC assessment after considering all relevant medical and other evidence in the record. 20 C.F.R. § 404.1545(a)(3). First, Dennis-Orshak contends the ALJ failed to evaluate her "pain, her psychological problems and her migraine headaches" in making the RFC assessment. (ECF No. 9 at 20.) However, the ALJ noted several of the non-exertional limitations Dennis-Orshak testified experiencing. (Tr. 15.) Additionally, the ALJ found that, because Dennis-Orshak continued to have some limitations, her RFC determination "provided for several exertional and postural limitations." (Tr. 18.) Therefore, the ALJ properly considered Dennis-Orshak's non-exertional limitations in making her RFC determination.

Furthermore, Dennis-Orshak contends the ALJ erred in making not properly considering Dr. Cohen's June 9, 2015 letter. (ECF No. 9 at 23.) First, Plaintiff notes that Dr. Cohen indicated Dennis-Orshak could never return to full time work. (*Id.* citing Tr. 425.) However, as stated above,

the ALJ properly gave no weight to this finding because that is ultimately a determination to be made exclusively by the ALJ. *See infra* at 10. Additionally, Dennis-Orshak contends the ALJ did improperly ignored Dr. Cohen's contention that Plaintiff had a limited ability to reach, handle, and finger. (ECF No. 9 at 23 (citing Tr. 425).) However, as also stated above, the ALJ properly gave little weight to Dr. Cohen's findings in his June 9, 2015 letter because they were not supported by his summary opinion. *See infra* at 11. In making her RFC determination, the ALJ considered all evidence before her, weighed the credibility of the evidence, and gave indication of the evidence she rejected along with reasoning for that rejection. *See Plummer*, 186 F.3d at 429; *Cotter*, 642 F.2d at 705. As such, the ALJ's determination of Dennis-Orshak's RFC was supported by substantial evidence, and her decision is therefore **AFFIRMED.**

**V.    CONCLUSION**

For the reasons set forth above, the Commissioner's decision is **AFFIRMED,** and the matter is **CLOSED.**

**Date: July 30, 2020**                                                          */s/ Brian R. Martinotti*
                                                                                             **HON. BRIAN R. MARTINOTTI**
                                                                                             **UNITED STATES DISTRICT JUDGE**